David W. Gadd (ISB #7605)
R. Kade Beorchia (ISB #9617)
WORST, STOVER, GADD & SPIKER PLLC
905 Shoshone St. N.
P.O. Box 1428
Twin Falls, Idaho 83303-1428
Telephone: (208) 736-9900
Facsimile: (208) 736-9929
dwg@magicvalleylaw.com

*Attorneys for Safaris Unlimited, LLC*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

| In Re: <br><br> MICHAEL VON JONES, <br><br> Debtor. | Case No. 19-40665-JMM <br><br> Chapter 13 |
|---|---|

**MOTION TO CONVERT**

COMES NOW creditors Safaris Unlimited, LLC ("Safaris"), Jeremy Sligar ("Sligar"), and Overtime Garage, LLC ("Overtime"), and move this Court to convert this Chapter 13 case, filed by Michael Von Jones ("Debtor"), to one under Chapter 7. This Motion is supported by the Affidavits of R. Kade Beorchia, J. Grady Hepworth, Gary Wolverton, and Jackie Metzger, and the Memorandum in Support of this Motion, filed contemporaneously herewith. In support, Movants state as follows:

**Pre-Bankruptcy State Court Case:**

1. Litigation with Debtor has been ongoing since 2013. Only a very brief history of such litigation is provided here.

2. Safaris filed a state court complaint against Debtor on June 28, 2013.

3. Safaris was unable to effectuate personal service and, therefore, provided service by

**MOTION TO CONVERT – 1**

publication, after which Debtor appeared and defended.

4. The state court granted Safaris' motion for summary judgment on September 2, 2014, and judgment was entered on September 3, 2004.

5. Debtor appealed the grant of summary judgment to the Idaho Supreme Court.

6. The Supreme Court reversed the summary judgment, holding there was a genuine issue of material fact to be decided, and remanded the case to the trial court.

7. A three-day jury trial, commencing on January 11, 2017, resulted in a verdict in favor of Safaris. Judgment against Debtor was entered on January 16, 2017.

8. On February 24, 2017, Debtor filed a notice of appeal with regard to the state court judgment in favor of Safaris.

9. On April 17, 2017, the state court entered an Amended Judgment, which included attorney's fees, costs, and prejudgment interest.

10. On June 28, 2017, pursuant to a Writ of Execution obtained by Safaris and after posting notice, the Twin Falls County sheriff conducted a sale of Debtor's interest in litigation against Jeremy Sligar and Overtime Garage.

11. Safaris, who was the only bidder at the sheriff's sale, purchased Debtor's rights against Sligar and Overtime Garage.

12. Debtor filed a motion to set aside the sheriff's sale, which was granted on August 11, 2017.

13. In response, on September 1, 2017, Safaris filed a cross-appeal challenging the state court's decision setting aside the sheriff's sale.

14. On June 29, 2018, the Idaho Supreme Court's issued an opinion affirming the judgment against Debtor. The Supreme Court also vacated the order setting aside the sheriff's sale and remanded the case for an evidentiary hearing on the issue.

**MOTION TO CONVERT – 2**

15. The evidentiary hearing regarding the validity of the sheriff's sale was conducted on March 5, 2019.

16. On April 5, 2019, the state court entered an order denying Debtor's motion to vacate the sheriff's sale.

17. Debtor filed a notice of appeal of the state court's order denying his motion to set aside the sheriff's sale on April 16, 2019.

18. On June 4, 2019, the state court awarded Safaris attorney's fees and costs incurred on remand.

19. On June 21, 2019, a hearing was held in the litigation against Sligar and Overtime (now owned by Safaris) regarding the status of the case and Debtor's request for continuation of stay pending appeal. The state court ordered that the stay would only be continued upon Debtor filing a $12,000 bond with the court.

20. A draft order regarding the bond and continuation of the stay was circulated on July 2, 2019, with revisions circulated on July 8, 2019.

21. On August 1, 2019, after filing his petition in this case, Debtor filed his fourth notice of appeal, challenging the state court's award of attorney's fees on remand.

**Bankruptcy Case:**

22. Debtor filed his petition on July 15, 2019, initiating this Chapter 13 case.

23. Debtor filed his Schedules on July 29, 2019. Doc. No. 19.

24. Debtor's Schedule A/B, subsection 3, which requires disclosure of Debtor's interests in cars, vans, trucks, tractors, sport utility vehicles, and motorcycles, lists only an interest in a single vehicle: a 2011 Dodge Ram Pickup. *Id*. at 1.

25. Debtor's Schedule A/B, subsection 4, which requires disclosure of Debtor's interests in

**MOTION TO CONVERT – 3**

watercraft, aircraft, motor homes, ATVs, and other recreation vehicles, lists only an interest a 1984 "Sessna," with an explanation that it was titled in the former owner's name.

26. Debtor's Schedule A/B, subsection 41, which requires disclosure of Debtor's interests in business inventory, lists 25 individual pieces, including cars, trucks, tractors, and a trailer.

27. Debtor's list of business inventory does not include any motorcycles, ATVs, boats, or other recreational vehicles. *Id*. at 6–8.

28. Debtor's Schedule G, which requires disclosure of Debtor's executory contracts and unexpired leases, does not list any executory contracts or unexpired leases. *Id*. at 19.

29. Debtor attested that his Schedules were true and correct and signed the same under penalty of perjury. *Id*. at 25.

30. Debtor filed his Statement of Financial Affairs (SOFA) on July 29, 2019.

31. In his SOFA, subsection 4, Debtor stated that his Gross Income for the 2017 calendar year was $600,000. Doc. No. 20 at 2.

32. Debtor's 2017 tax return provides Gross Receipts of $156,059 and Gross Income of $26,643. Aff. R. Kade Beorchia, Ex. A.

33. In his SOFA, subsection 4, Debtor stated that his Gross Income for the 2018 calendar year was $600,000. Doc. No. 20 at 2.

34. Debtor's 2018 tax return provides Gross Receipts of $303,297 and Gross Income of $56,701. Aff. R. Kade Beorchia, Ex. B.

35. Debtor's misrepresentation of his Gross Income in his SOFA is cause to convert under 11 U.S.C. § 1307(c).

36. Subsection 22 of the SOFA requires disclosure of all property stored "in a storage unit or place other than your home" within 1 year before bankruptcy. Debtor stated that he had

**MOTION TO CONVERT – 4**

none. Doc. No. 20 at 6.

37. Subsection 23 of the SOFA requires the disclosure of property held, controlled, or stored by Debtor but owned by someone else. Debtor stated that he had none. *Id*.

38. From approximately March 2017 through June 28, 2020, Debtor has used and occupied an airplane hangar located at Magic Valley Regional Airport as a storage unit, which Debtor did not disclose in his Schedules or SOFA.

39. The undisclosed airplane hangar appears to be used by Debtor as a storage space not disclosed in his Schedules or SOFA.

40. The undisclosed airplane hangar contained an ATV, boats, vehicles, equipment, and other property not disclosed in Debtor's Schedules or SOFA.

41. Debtor's bad faith use of the bankruptcy process to defeat, undermine, and relitigate the state court case is cause to convert under 11 U.S.C. § 1307(c)

42. Debtor's bad faith misrepresentation of his financial circumstances, including his failure to disclose assets, is further cause to convert under 11 U.S.C. § 1307(c).

43. Appointment of a Chapter 7 trustee to investigate, collect, and sell Debtor's non-exempt assets, the scope of which is not clear given Debtor's failure to disclose all assets, is in the best interests of all creditors.

WHEREFORE, the undersigned creditors pray that Debtor's case be converted to a chapter 7 proceeding.

DATED this 9th day of July, 2020.

        WORST, STOVER, GADD & SPIKER, PLLC

        By: */ s / R. Kade Beorchia*
           R. Kade Beorchia
           Attorneys for Safaris Unlimited, LLC

        Roark Law Offices

        By: /s/
           Holly Roark
           Attorneys for Jeremy Sligar

        Hepworth Law Offices

        By: /s/
           J. Grady Hepworth
           Attorneys for Overtime Garage, LLC

**MOTION TO CONVERT – 6**

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of July, 2020, the foregoing document was electronically filed with the Clerk of the Court through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| John O Avery<br>*Attorney for Debtor* | ch@averylaw.net |
| Kyle Bastian | kbastian@wrightbrotherslaw.com |
| J. Grad Hepworth | ghepworth@idalawyer.com |
| Kathleen A. McCallister | kam@kam13trustee.com |
| Bren Erik Mollerup | mollerup@benoitlaw.com |
| Holly Roark | holly@roarklawboise.com |
| Holly E Sutherland | holly@averylaw.net |
| US Trustee | ustp.region18.bs.ecf@usdoj.gov |

                                                */s/ R. Kade Beorchia*
                                                R. Kade Beorchia