David W. Gadd (ISB #7605)
R. Kade Beorchia (ISB #9617)
WORST, STOVER, GADD & SPIKER PLLC
905 Shoshone St. N.
P.O. Box 1428
Twin Falls, Idaho 83303-1428
Telephone: (208) 736-9900
Facsimile: (208) 736-9929
dwg@magicvalleylaw.com

*Attorneys for Safaris Unlimited, LLC*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>MICHAEL VON JONES,<br><br>Debtor. | Case No. 19-40665-JMM<br><br>Chapter 13 |

## AFFIDAVIT OF JACKIE METZGER

STATE OF IDAHO    )
                 ) ss.
County of Twin Falls )

I, Jackie Metzger, being first duly sworn, do state as follows:

1. I am the Property Manager for Gary Wolverton, Sr., who conducts business under the assumed business name Northwest Leasing & Rentals. I make this affidavit based upon my own personal knowledge and upon the business records of Northwest Leasing & Rentals. If called to testify, I could and would competently testify as to the truth of the matters set forth herein.

2. On or about June 1, 2016, Northwest Leasing & Rentals entered into a written lease agreement with Intermountain Properties, LLC relative to Hangar #10 at the Magic Valley

**AFFIDAVIT OF JACKIE METZGER – Page 1**

Regional Airport ("Hangar #10"). Attached as **Exhibit A** is a true and correct copy of that certain Hangar Lease between Northwest Leasing & Rentals and Intermountain Properties, LLC.

3. In approximately February 2017, Northwest Leasing & Rentals received a letter dated February 3, 2017, from "Jamie Thomason (acting under Intermountain properties LLC)," a true and correct copy of which is attached hereto as **Exhibit B**.

4. In her letter, Ms. Thomason states, "The rental has been used by my father, Mike Jones, who will need to re-enter into an agreement himself and be responsible for his own payments as I am terminating said agreement under my name and Intermountain Properties after 30 days notice."

5. Following Ms. Thomason's letter, Mike Jones continued to occupy and use Hangar #10 under the same terms as the Hangar Lease.

6. Mr. Jones personally made periodic payments toward the rent owed for his occupancy and use of Hangar #10. Mr. Jones's last rent payment was for the amount of $1,000.00 and was received by Northwest Leasing and Rentals on February 7, 2019.

7. Mr. Jones vacated Hangar #10 on June 28, 2020.

Subscribed and sworn to this 7th day of July, 2020.

_____
Jackie Metzger

SUBSCRIBED AND SWORN to before me this 7th day of July, 2020.

_____
NOTARY PUBLIC FOR IDAHO
Residing at: Twin Falls
My Commission Expires: 1/30/2021

**AFFIDAVIT OF JACKIE METZGER – Page 2**

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July, 2020, the foregoing document was electronically filed with the Clerk of the Court through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| John O Avery<br>*Attorney for Debtor* | ch@averylaw.net |
| Kyle Bastian | kbastian@wrightbrotherslaw.com |
| J. Grad Hepworth | ghepworth@idalawyer.com |
| Kathleen A. McCallister | kam@kam13trustee.com |
| Bren Erik Mollerup | mollerup@benoitlaw.com |
| Holly Roark | holly@roarklawboise.com |
| Holly E Sutherland | holly@averylaw.net |
| US Trustee | ustp.region18.bs.ecf@usdoj.gov |

/s/ R. Kade Beorchia
R. Kade Beorchia

**AFFIDAVIT OF JACKIE METZGER – Page 3**

# EXHIBIT A

**AFFIDAVIT OF JACKIE METZGER – Exhibit A**

# NORTHWEST LEASING & RENTALS

## HANGAR LEASE

This Lease entered into by and between Northwest Leasing & Rentals, hereinafter called *Lessor*, Intermountain Properties, LLC, hereinafter called *Tenant*.

**THE PARTIES AGREE AS FOLLOWS:**

**1. TERM AND RENT:** In consideration of the payment by *Tenant* to *Lessor* of $249.00 total, paid in advance, and due on or before the 1st day of each month thereafter, *Lessor* agrees to lease to *Tenant* for Twelve (12) months beginning with the date of this Lease, a hangar or hangar space described as follows: Hanger #10.

**2. TERMINATION:** The term of this Lease shall be for twelve (12) months from the date of this Lease, unless terminated earlier by *Tenant* by giving of thirty (30) days written notice of termination to *Lessor*. *Lessor* shall have the right to terminate this Lease at any time upon *Tenant's* violation of a condition of this Lease or Hangar Rules (attached hereto) by delivery of thirty (30) days written notice to *Tenant* at *Tenant's* last known address. Upon termination, *Tenant* shall immediately remove *Tenant's* aircraft and all other property from the premises.

**3. RENTAL PAYMENTS:** Monthly rental payments shall be mailed or delivered to *Lessor*. Checks shall be made payable to "Northwest Leasing & Rental".

**4. NO PARTIAL MONTH RENTAL REFUND:** Rental payments paid in advance for more than one (1) month are encouraged, but in no event shall a refund be made for unused rental payment of partial months. Refunds shall be made only for unused rental payment for whole months.

**5. LESSEE DEFAULT:** Tenant understands that if payment is not received by the 15th of the month a $25 late fee will be assessed. Tenant understands that if rent is not paid by the end of the month in which due, *Lessor* may consider the Lease terminated and *Tenant* will remove *Tenant's* Property from the premises and make it available for immediate subsequent rental. If *Tenant* fails to remove *Tenant's* property from the premises by the end of the month in which rent is due, *Lessor* may either remove the property from the premises or secure the premises.

**6. LIEN:** *Tenant* hereby grants to *Lessor* a lien upon and pledges as collateral to *Lessor* in case of default all fixtures, chattels and personal property of every kind and description now or hereafter to be placed, installed or stored by *Tenant* on the premises. *Tenant* agrees that in the event of any failure on the part of *Tenant* to comply with each and every covenant hereof or in the event of any default continuing for sixty (60) days of any rent, *Lessor* may take possession of and sell the same in any manner provided by law and may credit the net proceeds upon any indebtedness due or damage sustained by *Lessor*, without prejudice to further claims thereafter to arise under the terms thereof.

7. **NOTICE:** Any notice given by one party to the other in connection with this Lease shall be in writing. All rent and any notices shall be sent to the parties at the following addresses:

*Lessor:* Northwest Leasing & Rentals
P.O. Box 5179
Twin Falls, ID 83303

*Tenant:* Name: Intermountain Properties LLC
Mailing Address: 58352 Mansford Ave.
Rogerson, Idaho 83302
Cell Phone: 320-4058          Home Phone: _____

8. **AIRCRAFT:** *Tenant* hereby covenants and agrees that *Tenant* is the owner or bailee of the following aircraft to be stored on the premises:
Year:_____ Make:_____ Model:_____
N Number:_____ Serial Number:_____
Colors:_____
Registered Owner:_____
Owner's Mailing Address:_____
Work Phone:_____ Home Phone:_____

*Tenant* shall notify *Lessor,* in writing, within thirty (30) days of any changes in the information listed above.

9. **RULES AND REGULATIONS:** *Tenant* shall abide by all rules and regulations of the Federal Aviation Administration, the State of Idaho, Twin Falls County and all other duly constituted public authorities having jurisdiction. *Lessor* shall have the right to make and enforce reasonable rules with respect to use of the premises and shall have the right to amend those rules from time to time. *Tenant* hereby acknowledges receipt of a copy of the current Hangar Rules, such rules being specifically incorporated herein by reference and *Tenant* agrees to be bound thereby.

10. **NON-ASSIGNMENT:** *Tenant* shall not assign the Lease nor sub-let the premises or any part thereof without the written consent of *Lessor.*

11. **DISCLAIMER:** *Tenant* has examined the leased premises and agrees to accept all facilities on the premises "as is". *Lessor* disclaims, and *Tenant* accepts such disclaimer, any warranty, either express or implied, or the condition, use or fitness or the premises.

12. **INDEMNIFICATION:**
A. *Tenant* shall indemnify and hold harmless *Lessor* against all claims for loss or damage occasioned by or arising out of, directly or indirectly, rental or occupancy of the premises by *Tenant,* expecting loss or damage caused directly or indirectly by *Lessor* or its agents and employees. *Tenant* promises and agrees to pay to *Lessor* for any damage to the premises arising out of the *Tenant's* rental or occupancy of the premises.

-2-

   **B.** *Tenant* further agrees that all property stored on the premises are stored at the sole risk of *Tenant*. *Lessor* shall not be responsible for any damage or injury to *Tenant* or *Tenant's* employees, agents or guests or *Tenant's* property arising out of the rental or occupancy of the premises.

  **13.** **ENTIRE AGREEMENT:** This Lease constitutes the entire understanding between the parties, and as of its effective date, supersedes all prior or independent agreements between the parties covering the same subject matters hereof. The parties hereto represent that they have carefully reviewed the terms and conditions of this Lease and are familiar with such and agree to comply with the same. All covenants, stipulations and agreements in this Lease shall extend to and bind the parties' legal representatives and successors.

  **14.** **SEVERABILITY:** If a provision hereof shall be declared void, illegal or unenforceable by any court or administrative agency having jurisdiction, the entire Lease shall not be void, but the remaining provisions shall continue in effect as nearly as possible in accordance with the original intent of the parties.

  **15.** **HEADINGS:** The headings used in this Lease are intended for convenience of reference only and do not define or limit the scope or meaning of any provision of this Lease.

  **16.** **GOVERNING LAW:** This Lease is to be construed in accordance with the laws of the State of Idaho.

  **17.** **IN WITNESS WHEREOF,** the parties have hereunto subscribed their names this 1st day of June, 2016.

_____   _____
Lessor: JoEllen Crane        Tenant

Attachment:
  Hangar Rules

-3-

NORTHWEST LEASING & RENTALS

HANGAR RULES

**1. STORAGE IN HANGARS:** Hangars and hangar space are leased for the sole purpose of storing aircraft and related aircraft parts, tools, accessories and supplies. The premises will not be occupied or used for any other purpose without the prior written consent of Northwest Leasing & Rentals.

**2. HANGAR VACANCY:** Hangars and hangar space will not remain vacant of an aircraft for more than one hundred and twenty (120) days. If so, the premises will be deemed vacated, the Lease terminated and the premises subject to lease to the next aircraft owner/ bailee on the hangar waiting list.

**3. AIRCRAFT MAINTENANCE:** It is understood that hangar *Tenants* are authorized by Federal Aviation Administration regulations to do certain maintenance on their own aircraft and *Tenants* may do such maintenance on the premises in a safe and prudent manner.

**4. HANGAR MAINTENANCE AND ALTERATIONS:** Northwest Leasing & Rentals will be responsible for maintenance of the hangars in good repair. Hangar *Tenants* will not make any alterations to the hangars without prior written consent and then only in strict compliance with such consent.

**5. PREHEATERS IN HANGARS:** The use of aircraft pre-heaters, not permanently attached to the aircraft, must be approved beforehand by Northwest Leasing and Rentals.

**6. HANGAR DOORS:** Hangar doors will be closed and secured and the lights turned off when the hangars are unattended. No aircraft will be tailed toward an open hangar with the engine(s) running.

**7. HANGAR INSPECTIONS:** Northwest Leasing & Rentals has the right to enter hangars at any time for inspections or to make repairs, additions or alterations as may be necessary for the safety, improvements or preservation of the hangars.

**8. SECURING AIRCRAFT:** Aircraft owners/operators are responsible for setting parking brakes, tying down and chocking of their own aircraft.

**9. NO COMMERCIAL OPERATIONS OR SIGNS:** No commercial operations of any kind are permitted within or near the hangars. Hangar *Tenants* will not erect or permit to be erected any signs on the hangars.

**10. AIRCRAFT REFUELING:** Aircraft will be refueled only outside the hangars.

**11. EXPLOSIVES OR HAZARDOUS MATERIALS:** The use or storage of any explosive or hazardous material in excess of one (1) gallon (including, without limiting the

generality of the foregoing, gasoline, paint, solvent, degreasing compounds and/or similar combustibles for painting or for other similar purposes) in or near the hangars is prohibited.

**12. MOTOR VEHICLE PARKING:** Motor vehicles will be parked in parking areas only and will not block entrances, taxiways or fire lanes. *Tenants* may park a motor vehicle in the hangar but only while their aircraft is being flown.

**APPROVED** this <u>1st day of June, 2016</u>   .

_____ Tenant

_____
JoEllen Crane/ Lessor
**NORTHWEST LEASING & RENTALS**

# EXHIBIT B

**AFFIDAVIT OF JACKIE METZGER – Exhibit B**

To Northwest Leasing and Rentals;

2-3-2017

I, Jamie Thomason (acting under Intermountain properties LLC.), am terminating my rental agreement and giving 30 days notice for hangar #10. The agreement was set up by my father, Mike Jones, and paid by myself under Int. Prop. LLC. The rental is and has been used by my father, Mike Jones, who will need to re-enter into an agreement himself and be responsible for his own payments as I am terminating said agreement under my name and Intermountain Properties after 30 days notice.

Thank You,

Jamie Thomason
(Intermountain Properties)