David W. Gadd (ISB #7605)
R. Kade Beorchia (ISB #9617)
WORST, STOVER, GADD & SPIKER PLLC
905 Shoshone St. N.
P.O. Box 1428
Twin Falls, Idaho 83303-1428
Telephone: (208) 736-9900
Facsimile: (208) 736-9929
dwg@magicvalleylaw.com

*Attorneys for Safaris Unlimited, LLC*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>MICHAEL VON JONES,<br><br>Debtor. | Case No. 19-40665-JMM<br><br>Chapter 13 |

## MEMORANDUM IN SUPPORT OF MOTION TO CONVERT

COMES NOW creditor Safaris Unlimited, LLC ("Safaris"), and files this Memorandum in support of the Motion to Convert filed by creditors Safaris, Jeremy Sligar ("Sligar"), and Overtime Garage, LLC ("Overtime"). This Memorandum is supported by the affidavits filed contemporaneously herewith.

## FACTS

The facts provided in Creditors' Motion to Convert are hereby incorporated for purposes of this Memorandum.

## LAW

Section 1307(c) of the Code provides, in relevant part:

[O]n request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of

**MEMORANDUM IN SUPPORT OF CREDITORS' MOTION TO CONVERT – 1**

>creditors and the estate, for cause . . . .

Under the case law, the Court must engage in a two-step analysis. First, the Court must determine that there is "cause" to act. The burden of establishing such cause to dismiss or convert for bad faith lies on the party or parties moving under § 1307(c), here Creditors. *In re Cluff*, 2012 WL 1552391 at *3 (Bankr. D. Idaho Apr. 30, 2012). Second, if "cause" is found, the Court must choose between conversion of the case to chapter 7 and dismissal based on "the best interests of the creditors and the estate." *In re Short*, 2007 WL 2700481, at *2 (Bankr. D. Idaho Sept. 11, 2007) (citing *Nelson v. Meyer (In re Nelson)*, 343 B.R. 671, 675 (9th Cir. BAP 2006); *In re Erkins*, 253 B.R. 470, 477 n. 5 (Bankr. D. Idaho 2000)).

With regard to the first step of the analysis, the Ninth Circuit has held that bad faith is sufficient "cause" to warrant dismissal or conversion. *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1224 (9th Cir. 1999). A determination that a debtor has acted in bad faith requires the application of the "totality of the circumstances" test. *Eisen v. Curry (In re Eisen)*, 14 F.3d 469, 470 (9th Cir.1994); *Leavitt*, 171 F.3d at 1224. Under this test, the bankruptcy court should consider the following factors:

> (1) whether the debtor "misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner,"
>
> (2) "the debtor's history of filings and dismissals,"
>
> (3) whether "the debtor only intended to defeat state court litigation," and
>
> (4) whether egregious behavior is present.

*Short*, 2007 WL 2700481, at *2 (citations omitted).

Fraudulent intent is not a prerequisite to a finding of bad faith. *In re Weiss*, 2005 WL 3148296, at *2 (Bankr. D. Idaho Nov. 2, 2005). Instead, the Court focuses on a debtor's honesty, the omission or undervaluation of assets in a debtor's schedules, the inflation of expenses found in a

**MEMORANDUM IN SUPPORT OF CREDITORS' MOTION TO CONVERT – 2**

debtor's schedules, and the proportionate distribution of funds found in a debtor's plan compared to a debtor's assets and income. *Id*.

If the Court finds "cause" to act, then it must either dismiss the case or convert it to a chapter 7 liquidation. *Id*. at *7. Section 1307(c) requires the Court to convert or dismiss, "whichever is in the best interests of creditors and the estate." 11 U.S.C. 1307(c).

## ARGUMENT

In this case, the totality of the circumstances, including consideration of the "bad faith factors," constitutes cause to convert Debtor's case to one under Chapter 7.

Debtor's bankruptcy filing was improper and in bad faith. Debtor filed his bankruptcy petition with the sole intention of delaying, undermining, and relitigating the state court action. Debtor's bankruptcy petition was filed following years of litigation in which Safaris was repeatedly awarded costs and fees against Debtor. On June 21, 2019, after the state court ordered Debtor to file a $12,000 bond in order to maintain in effect the stay related to litigation against Sligar and Overtime, it had become abundantly clear that Debtor was fighting a losing battle and would not be able to defeat Safaris' purchase of Debtor's rights in the litigation against Sligar and Overtime. Within a few short weeks of that hearing, Debtor filed his bankruptcy petition.

Debtor's primary goal in his Chapter 13 case is attempting to relitigate, directly and via the assistance of the chapter 13 trustee, and undermine the state court's Order affirming the validity of the sheriff's sale in which Safaris purchase litigation rights against Sligar and Overtime.

More troubling than Debtor's misuse of the bankruptcy process to defeat state court litigation, however, is the fact that Debtor's Schedules and SOFA are rife with misrepresentations. Debtor misrepresented the amount of his Gross Income for 2017 in his SOFA as $600,000, where his income tax return shows Gross Income of $156,059. Similarly, Debtor misrepresented his Gross Income for

**MEMORANDUM IN SUPPORT OF CREDITORS' MOTION TO CONVERT – 3**

2018 at $600,000, where his income tax return shows Gross Income of $56,701.

Further, Debtor's Schedule I provides that Debtor has income of $5,220.00 per month as a self-employed heavy equipment salesman. Debtor has provided nothing to support the amount of his asserted income. Rather, past tax returns show Total Income of $111.00 for 2015, $551.00 for 2016, $687.00 for 2017, and $1,009.00 for 2018. This equates to an average monthly income of $9.25 for 2015, $45.92 for 2016, $57.25 for 2017, and $84.08 for 2018. From all appearance, Debtor has misrepresented his income in order to confirm a plan that he has no ability to fund.

In addition to misrepresenting his financial condition, Debtor made numerous misrepresentations regarding his assets. Debtor marked that he had not stored any property in a place other than his home. However, it has been discovered during the pendency of this case that Debtor leased, through June 28, 2020, an airplane hangar to store personal property. At no time did Debtor disclose the existence of this storage facility. More troublesome, however, is that Debtor failed to disclose numerous boats, vehicles, equipment, and other property stored in the airplane hangar.

The totality of the circumstances, including Debtor's pre-petition and post-petition conduct, lead to the conclusion that Debtor's plan was proposed in bad faith. Such bad faith is cause to convert or dismiss Debtor's case under §1307(c).

Where, as here, a Debtor fails to accurately represent his financial condition and assets, manipulating both to his advantage in his Chapter 13 bankruptcy case, even with a virtual sword of Damocles of civil and criminal consequences provided by the Code hanging over his head, it is highly unlikely that creditors will have success working with that Debtor in an honest and fair manner were his bankruptcy case dismissed. In such as case, especially in this one, it is clear that conversion to Chapter 7, with the resultant appointment of a chapter 7 trustee to investigate, collect, and liquidate all undisclosed and/or transferred assets, is in the best interests of the creditors.

**MEMORANDUM IN SUPPORT OF CREDITORS' MOTION TO CONVERT – 4**

## **CONCLUSION**

Debtor's misrepresentations regarding his past and present income, in addition to his failure to disclose a number of boats, motorcycles, ATVs, and other equipment stored in an undisclosed airplane hangar show Debtor's bad faith in filing his complaint. It is in the best interests of creditors to have a chapter 7 trustee to oversee the collection and liquidation of assets, in addition to the orderly payment of creditors.

DATED this 9th day of July, 2020.

WORST, STOVER, GADD & SPIKER, PLLC

By: ____/s/ R. Kade Beorchia_____
R. Kade Beorchia
Attorneys for Safaris Unlimited, LLC

**MEMORANDUM IN SUPPORT OF CREDITORS' MOTION TO CONVERT – 5**

## CERTIFICATE OF SERVICE

  I hereby certify that on the 9th day of July, 2020, the foregoing document was electronically filed with the Clerk of the Court through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| John O Avery<br>*Attorney for Debtor* | ch@averylaw.net |
| Kyle Bastian | kbastian@wrightbrotherslaw.com |
| J. Grad Hepworth | ghepworth@idalawyer.com |
| Kathleen A. McCallister | kam@kam13trustee.com |
| Bren Erik Mollerup | mollerup@benoitlaw.com |
| Holly Roark | holly@roarklawboise.com |
| Holly E Sutherland | holly@averylaw.net |
| US Trustee | ustp.region18.bs.ecf@usdoj.gov |

                */s/ R. Kade Beorchia*
                R. Kade Beorchia

**MEMORANDUM IN SUPPORT OF CREDITORS' MOTION TO CONVERT – 6**