UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| IN RE: | CHAPTER 13 |
|---|---|
| Michael Von Jones, <br> Debtor(s) | CASE NO. 19-40665-JMM |

ORDER CONFIRMING CHAPTER 13 PLAN

IT HAVING BEEN DETERMINED AFTER NOTICE AND HEARING THAT:

1. The Chapter 13 plan docket no. 109 complies with the provisions 11 U.S.C. § 1325.

2. Since the filing of this bankruptcy case Debtor has paid all amounts that first became due and payable after the filing of this bankruptcy which he was required to pay under a domestic support obligation as defined in 11 U.S.C. § 101(14A) required by a judicial or administrative order or by statute.

IT IS HEREBY ORDERED THAT:

The Chapter 13 Plan is confirmed and related motions are granted, incorporating the following modifications:

a. Debtor is involved in state court litigation with Safaris Unlimited, LLC ("Safaris"). Such case was on appeal to the Idaho Supreme Court, Docket No. 46961-2019, at the time Debtor filed his bankruptcy petition. In that appeal, Docket No. 46961-2019 challenges the trial court's denial of Debtor's motion to set aside a sheriff's sale that occurred in June 2017, at which Safaris obtained ownership of Debtor's rights to Mike Jones v. Jeremy Sligar and Overtime Garage, Twin Falls County Case No. CV-42-16-1554 ("Sligar Litigation"). Additionally, Debtor has appealed to the Idaho Supreme Court, Docket No. 47245-2019, the trial court's award of post-judgment attorney's fees and costs to Safaris. Both appeals are currently stayed due to Debtor's Chapter 13 bankruptcy proceeding.

**DOCKET NO. 47245-2019**
Safaris and Debtor agree that the automatic stay shall be lifted with respect to the appeal in Docket No. 47245-2019 upon confirmation of Debtor's Chapter 13 Plan, and Debtor may pursue said appeal. If the Idaho Supreme Court affirms the trial court's ruling, Safaris may amend its proof of claim to account for any additional attorney's fees awarded to Safaris in defense of this claim. If the Idaho Supreme Court reverses the trial court's award of attorney's fees to Safaris, Safaris will amend its claim in the bankruptcy (Claim No. 3) accordingly.

**DOCKET NO. 46961-2019**
Safaris and Debtor agree that the automatic stay shall be lifted with respect to the appeal in Docket No. 46961-2019 upon confirmation of Debtor's Chapter 13 Plan and Debtor may pursue said appeal. The parties agree that if the Idaho Supreme Court affirms the trial court's ruling or otherwise holds in favor of Safaris, then Safaris shall settle Debtor's claims in the Sligar Litigation action with Jeremy Sligar and Overtime Garage pursuant to the terms of the written Conditional Settlement Agreement entered into on or about May 30, 2017 between Safaris, Sligar, and Overtime Garage, LLC. In such event, Safaris shall be entitled to keep the settlement proceeds, which shall not affect the amount of its claim in these bankruptcy proceedings.  Should such settlement occur, Mr. Sligar agrees to withdraw his claim, Proof of Claim No. 7, in the bankruptcy.  If Safaris is awarded attorney's fees and/or costs on the appeal in Docket No. 46961-2019, Safaris' shall amend its proof of claim to account for such award.

If the Idaho Supreme Court reverses the trial court's ruling and holds that the subject sheriff's sale must be set aside, then Debtor may pursue his claims against Mr. Sligar and Overtime Garage, LLC in the Sligar Litigation, subject to the counterclaim of Mr. Sligar and Overtime Garage, LLC. The automatic stay as to Mr. Sligar and Overtime Garage, LLC shall be lifted to permit Mr. Sligar and Overtime Garage, LLC to defend the lawsuit and pursue his/its counterclaim so that any damages can be liquidated. If Mr. Sligar and/or Overtime Garage, LLC is successful in his/its counterclaim against Mr. Jones in the state court proceeding, Mr. Sligar and/or Overtime Garage, LLC will amend his/its claim in the bankruptcy to the amount of the damages awarded in state court.

Should Debtor be successful in his cause of action against Sligar then he agrees that he will turn over all net proceeds to the Chapter 13 Trustee to the extent necessary to pay all creditors in full. "Net proceeds" shall be defined as any funds collected either directly from Mr. Sligar and/or Overtime Garage LLC or by liquidating assets awarded to Debtor in the Sligar Litigation, less any actual costs and attorney's fees incurred by Debtor in pursuing the litigation post-petition. Debtor and Mr. Sligar agree that Mr. Sligar shall have a contingent, unliquidated claim in this bankruptcy case until such time as the claim is either resolved with the purchase of the lawsuit from Safaris or the claim is liquidated by the state Court.  The Trustee shall make no payments on Sligar's claim (Claim No. 7) pending the outcome of the litigation but shall hold onto the funds allocated for Sligar per the plan.  The parties also agree that, if Debtor is successful in regaining his ownership interest in the Sligar Litigation,  any attorney's fees incurred by Debtor in pursuing the Sligar Litigation and any attorney's fees incurred by Sligar defending the lawsuit or prosecuting his counterclaim that may be awarded in the state court litigation shall be post-petition debts and not discharged in the chapter 13 case.

Upon confirmation, Trustee shall commence making payments to Safaris per the plan.  Safaris shall submit an amended claim that reflects any attorneys' fees awarded to Safaris post-petition in Docket No. 46961-2019 or Docket No. 47245-2019, which shall be paid through the plan. Pending the Supreme Court appeals, the amount of the payments to Safaris shall be based on the amount of its proof of claim, $62,075.00.  Any attorney's fees incurred by Safaris in the bankruptcy case shall not be paid as Safaris is an unsecured creditor and is not entitled to fees in this case.

Debtor shall pay all creditors 100% of their allowed claims and, upon completion of the litigation when all claims have been liquidated, shall increase plan payments, if necessary, to pay all creditors in full.



DATED: October 9, 2020

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

/s/_____
Kathleen McCallister, Trustee

/s/_____
Holly E Sutherland, Counsel for the Debtor(s)

/s/_____
Holly Roark for Jeremy Sligar

/s/_____
Grady Hepworth for Overtime Garage

/s/_____
Kade Beorchia for Safaris Unlimited, LLC

/s/_____
Michael Von Jones, Debtor